FILED

2019 Nov-25  AM 09:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REBECCA FRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-19- |
| | ) | JURY DEMAND |
| | ) | |
| POLYONE CORPORATION; | ) | |
| GLASFORMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

## I.   JURISDICTION

1.    The jurisdiction of the Court is invoked pursuant to the Act of Congress known as Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq*. and the Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights providing for injunctive and other relief against sex discrimination in employment.

2.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1343, 2201, and 2202.

3.     The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.  Plaintiff timely filed her charge of discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff has timely filed her suit within ninety (90) days of receipt of the right-to-sue letter issued by the EEOC.

## II.   PARTIES

4.     Plaintiff, Rebecca Fron ("Fron" or Plaintiff"), is a female citizen of the United States.  At all times relevant to this lawsuit, the plaintiff was employed by the defendant at its Birmingham, Jefferson County, Alabama location.

5.     Defendant, PolyOne Corporation ("PolyOne"), is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 and the Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d).

6.     Defendant, Glasforms, Inc. ("Glasforms"), is an employer within the meaning of that term as used in Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 and the Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d).

7.     As of December 19, 2012, Glasforms, Inc. was acquired by and operates

as a wholly-owned subsidiary of PolyOne.  PolyOne is an employer of Glasforms' employees.  PolyOne and Glasforms will hereinafter be referred to as "Defendants."

8.      PolyOne , by and through Glasforms, Inc., was established in 1978 and is based in Birmingham, Alabama.   Defendants business involves the design, formulation and production of fiber and fiberglass reinforced composite.  Defendants make advanced composite products for use in the electrical and telecommunications, energy, transportation and healthcare markets, among other.

## III.   FACTUAL ALLEGATIONS

9.      Plaintiff re-alleges and incorporates by reference paragraphs 1-7 above with the same force and effect as if fully set out hereinbelow.

10.     Plaintiff was employed with Defendants from January 18, 2016 until her resignation on March 29, 2019.

11.     Plaintiff was hired by Defendants as a Senior Project Manager, located in Birmingham, Alabama. In this position, Plaintiff reported to the Associate Marketing Director, Ben Hochman.

12.     In October 2016, Plaintiff took over Ben Hochman's position responsibilities, along with those of her Senior Product Manager position, when Hochman was moved to the position of Program Manager for Wind.  At that point, Hochman no longer had responsibilities for any marketing duties.  Also, his direct

3

reports were moved from him at this point.

13.     At this time, Plaintiff began to report directly to James Stephenson and Darcy Hornberger was moved out from under Hochman and placed under Plaintiff's supervision.  Finally, Plaintiff took over responsibility for the Marketing budget and cost-center ownership.

14.     At this time, in or around October 2016, Defendant sent out an email and/or other communications announcing Hochman's new position.

15.     After Hochman was moved to the Wind program, he was fully focused on the Wind program and not with any of his former duties and responsibilities as Associate Director of Marketing.

16.     After Hochman was moved Plaintiff was responsible for many, if not all, of his former duties and responsibilities as Associate Director of Marketing Plaintiff was responsible for the budget the budget and cost-center, including approvals of expenses.  In fact, Plaintiff was responsible for approving Hochman's expense reports.  Plaintiff, not Hochman, was responsible for tradeshows and marketing priorities, including competitive analysis.  Moreover, Plaintiff was responsible for strategy development, including Electrical First, Markers & Ballistic Strategies, which were all executed under her direction.

17.     During this time, Plaintiff performed the duties of both the Associate

Marketing Director and Senior Product Manager. At the time, Plaintiff received a small salary increase for this change in duties, but the salary amount was lower and nowhere near comparable to what Hochman received for performing only a part of this job.

18. During the entire time that Plaintiff worked for PolyOne, she received good reviews and did not had any issues with her performance. Plaintiff was very successful performing the Associate Marketing Director duties and her performance was superior to Hochman's performance of these same duties as reflected by the objective data maintained by the company.

19. In November 2018, Defendant restructured several positions, including Plaintiff's and Hochman's. Plaintiff's duties and responsibilities associated with the Associate Marketing Manager position were taken away from her and back given to Ben Hochman. Plaintiff continued to perform the Senior Project Director job duties and was required to report to Hochman again.

20. On information and belief, Plaintiff believes that when Hochman was brought back in November 2018 to perform the same Associate Marketing Director duties, he was paid more than Plaintiff was paid for performing those same duties. In addition, when Plaintiff performed the Associate Marketing Director duties, she was also performing the duties of a Senior Product Manager. Hochman did not have

these additional duties and was still paid a higher salary than Plaintiff.

21.    Defendant has no legitimate non-discriminatory reason is for its conduct against Plaintiff.

22.    Plaintiff has been discriminated against because of her sex, female, in pay and job/work assignments, and other terms and conditions of employment.

23.    Plaintiff has suffered severe emotional distress including embarrassment and humiliation because of defendant's conduct.

24.    Defendant acted with malice and/or reckless disregard for Plaintiff's rights.

25.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive and declaratory judgment is her only means of securing adequate relief.   The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices set forth herein unless enjoined by the Court.

## COUNT ONE
## SEX DISCRIMINATION IN PAY UNDER THE EQUAL PAY ACT

26.    Plaintiff re-alleges and incorporates by reference the above paragraphs 1-25 with the same force and effect as if fully set out hereinbelow.

27.    As set out above in the factual allegations, Plaintiff performed the job

duties of the Associate Marketing Director, the same or similar to those performed by Ben Hochman when he held the position, in addition to maintaining her own job duties, and was paid less compensation than Hochman.

28.     The defendant discriminated against Plaintiff based on her sex, female, and willfully violated the Equal Pay Act by paying the plaintiff unequal wages to those of a male employee, Hochman, for performing a job of equal skill, responsibility and effort under similar working conditions.

29.     Defendant has no legitimate non-discriminatory reason is for its conduct against Plaintiff.

30.     Plaintiff is seeking lost compensation, including lost wages, bonuses, benefits and other forms of compensation, and liquidated damages as a result of Defendant's violation of the Equal Pay Act.

31.     Defendant's knew that its conduct violated the law, or acted in reckless disregard of the fact that its conduct violated the law. As such, Defendant willfully violated the Equal Pay Act.

## COUNT TWO
## SEX DISCRIMINATION IN PAY PURSUANT TO TITLE VII

32.     Plaintiff re-alleges and incorporates by reference the above paragraphs 1-31 with the same force and effect as if fully set out hereinbelow.

33.     Plaintiff has been discriminated against because of her sex, female, in terms of compensation.

34.     As set out above in the factual allegations, Plaintiff performed the job duties of the Associate Marketing Director, the same or similar to those performed by Ben Hochman when he held the position, in addition to maintaining her own job duties, and was paid a lower wage than Hochman.

35.     Defendant has no legitimate non-discriminatory reason is for its conduct against Plaintiff.

36.     Plaintiff was discriminated against because of her sex concerning compensation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. Such discrimination caused Plaintiff to suffer lost wages and also adversely affected the wages the Plaintiff received as payment for benefits that are determined based on salary, including bonus and/or overall compensation.

37.     Plaintiff has suffered severe emotional distress including embarrassment and humiliation because of defendant's conduct.

38.     Defendant acted with malice and/or reckless disregard for Plaintiff's rights.

39.     Plaintiff has no plain, adequate or complete remedy at law to redress the

8

wrongs alleged herein and this suit for injunctive and declaratory judgment is her only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices set forth herein unless enjoined by the Court.

40.     Plaintiff is seeking back-pay (plus interest), front-pay, compensatory damages, punitive damages, nominal damages, lost seniority, lost pension and fringe benefits, attorney's fees, costs and expenses and all other relief as justice requires as a result of Defendant's discriminatory treatment of her.

### COUNT THREE
### TITLE VII
### SEX DISCRIMINATION IN JOB ASSIGNMENTS

41.     Plaintiff re-alleges and incorporates by reference the above paragraphs 1-40 with the same force and effect as if fully set out hereinbelow.

42.     In October 2016, Plaintiff took over Ben Hochman's responsibilities as the Associate Marketing Director, along with those of her Senior Product Manager position, when Hochman was moved to another position. Plaintiff no longer reported to Hochman after this time and the Associate Marketing Director position was considered a promotion for Plaintiff.

43.     Plaintiff successfully performed her responsibilities in this position and received good reviews. Plaintiff's performance was superior to Hochman's in the

same position based on the objective data maintained by the company.

44.     In November 2018, Defendant restructured several positions and took away Plaintiff's job duties associated with the Associate Marketing Manger position and gave them back to Hochman.  Plaintiff was again required to report to Hochman at this time. Hochman was paid at a higher rate of pay than Plaintiff for performing these same duties.

45.     Defendant's taking away Plaintiff's job duties associated with the higher ranking Associate Marketing Director position and giving them to Hochman constitutes sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended 1991.

46.     Plaintiff has suffered severe emotional distress including embarrassment and humiliation because of defendant's conduct.

47.     Defendant acted with malice and/or reckless disregard for Plaintiff's rights.

48.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive and declaratory judgment is her only means of securing adequate relief.  The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices set forth herein unless enjoined by the Court.

49.     Plaintiff is seeking back-pay (plus interest), front-pay, compensatory damages, punitive damages, nominal damages, lost seniority, lost pension and fringe benefits, attorney's fees, costs and expenses and all other relief as justice requires as a result of Defendant's discriminatory treatment of her.

## IV.   **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Grant Plaintiff a declaratory judgment holding that the actions of Defendant described hereinabove violated and continue to violate the rights of Plaintiff as guaranteed by Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 and the Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d).

2.     Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the Civil Rights Act of 1964, amended by the Civil Rights Act of 1991 and the Equal Pay Act of 1963, as amended, 29 U.S.C. §206(d).

3.     Grant Plaintiff an order requiring Defendant to make her whole by awarding her the position(s) and pay she would have received in the absence of sex

11

discrimination, by awarding her back-pay (plus interest), front-pay, compensatory damages, liquidated damages, punitive damages, nominal damages, lost seniority, lost pension and benefits, attorney's fees, costs and expenses and all other relief as justice requires.

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

Respectfully submitted,

Rocco Calamusa, Jr.
Kevin W. Jent
Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

**DEFENDANTS' ADDRESSES:**
Serve via certified mail:

      PolyOne Corporation
      c/o Registered Agent
      CT Corporation
      2 North Jackson Street, Suite 605
      Montgomery, Alabama 36104

      GlasForms, Inc.
      c/o Registered Agent
      CT Corporation
      2 North Jackson Street, Suite 605
      Montgomery, Alabama 36104